**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-CR-21-JED |
| ) | |
| DOMINIQUE AMOIA McDOWELL, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter comes before the Court on Defendant McDowell's "Unopposed Motion to Continue Pre-Trial Conference" (Doc. 23). Specifically, the Defendant moves the Court to continue the pretrial conference set for March 10, 2014 and the jury trial set for March 17, 2014, each for a period of at least three weeks and, to the extent such continuance implicates the Speedy Trial Act, Defendant requests that the Court grant an ends of justice continuance. The Government does not oppose the Motion. For the reasons set forth therein, the Court finds that the Motion should be and is hereby **granted**.

Defendant made his initial appearance on the Indictment on February 13, 2014. This is the first request for a continuance of any dates, including the jury trial. Defendant is charged with Count 1: Robbery in Indian Country in violation of 18 U.S.C. §§ 1151, 1152, and 2111 and Count 2: Using and Brandishing a Firearm in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Violation of 18 U.S.C. §§ 1151, 1152, and 2111, as charged in Count One, would be punishable by a sentence of imprisonment of up to fifteen (15) years. Violation of 18 U.S.C. §924(c)(1)(A)(ii), as charged in Count 2, would be punishable by a mandatory minimum sentence of seven (7) years consecutive to any sentence imposed for violation of Count 1.

Counsel for Defendant maintains that additional time is needed to prepare for trial in order to acquire educational records, confer with opposing counsel, and effectively prepare for trial. Both counsel for the Government and counsel for Defendant believe that, in this case, the ends of justice outweigh the interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

The Defendant's request for a continuance falls under § 3161(h)(7) of the Speedy Trial Act, which permits a district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In granting an ends of justice continuance, a court must orally or in writing set forth "its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* In considering such a motion for continuance, the court shall consider a number of factors, including "[w]hether the failure to grant such a continuance . . . would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Another factor to be considered is whether the failure to grant a continuance would result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i).

An ends of justice continuance should not be granted "cavalierly," and it was intended to be a "rarely used tool." *United States v. Williams*, 511 F.3d 1044, 1048-49 (10th Cir. 2007) (citations omitted); *see also United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009). Pursuant to *Toombs*, the parties must provide the district court a sufficient record to determine why the facts require

additional time. *See* 574 F.3d at 1271. A district court must also give significant weight to the public's interest in a speedy trial. *Id.* at 1273.

The Court has reviewed the Defendant's Motion and finds that it should be granted, in the interests of justice. The Court finds that the requested continuance is necessary in order for the Defendant's counsel to obtain records and have reasonable time to be ready for trial. Thus, the Court finds that the ends of justice will be served by the granting of the limited continuance and that those ends of justice outweigh the best interests of the public and the Defendant in a speedy trial.

IT IS THEREFORE ORDERED that the Defendant's Motion (Doc. 23) is **granted**. The jury trial set for March 17, 2014 is **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| **PT/CP/Motions Hearing:** | **April 1, 2014 at 9:30 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | April 14, 2014 |
| **Jury Trial:** | **April 21, 2014 at 9:30 a.m.** |

IT IS FURTHER ORDERED that the time between March 17, 2014 and April 21, 2014 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

SO ORDERED this 7th day of March, 2014.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE